### \* Hammond v. Corbett.

The State aid, contributed by cities and towns to the wives and families of soldiers in the United States army, under the law of 1862, ch. 2584, when paid over to the wife, is held by her free from the interference or control of her husband, and for the purpose of furnishing necessaries for herself and family.

A married woman, holding property to her sole and separate use, under the law of 1860, chap. 2342, or holding State aid paid to her under the law of 1862, may bind herself personally, and her separate property, by a contract for necessaries, if both parties at the time of making the contract understand that the wife, and she alone, is to be personally liable; and the contract is made entirely upon the faith of the wife's separate property, out of which she agrees to pay, and from which the creditor agrees to receive payment.

An action at law may be maintained against such married woman upon such contract, before or after the husband's death, if brought within six years.

Indebitatus Assumpsit, for wood, by Thomas Hammond against Mary C. Corbett.   Plea, the general issue.   Writ dated June 22, 1868.   The

---

\* Decided July term, 1870.   See later opinion in this case, 50 N. H. 501.

Reporter.

defendant was a married woman until June 29, 1863, when her hus-
band died in the army, having been absent from home and in the army
after September, 1862. In October, 1862, and February, 1863, the
wood was delivered by the plaintiff to the defendant, and was used by
her for firewood.

The court, *pro forma*, instructed the jury that, if the wood was de-
livered by the plaintiff to the defendant at her request; if the wood
was necessaries, such as an infant would be liable for, and actually
necessary; if, at the time of the request, she promised the plaintiff to
pay him for it out of her State aid; if the plaintiff sold it to her, re-
lying solely upon her promise and on the faith of her State aid; if
both had the same understanding; if, after her husband's death, and
before suit, the defendant promised to pay the plaintiff for the wood;
and if the whole transaction was fair and reasonable, and the plaintiff
acted in good faith and without fraud, and no undue advantage was
taken by him, the plaintiff was entitled to recover the value of the
wood not exceeding the price agreed upon by the parties; to which in-
structions the defendant excepted.

Verdict for the plaintiff. The case was reserved.

*Fletcher & Heywood*, for the defendant.

This case presents the question, whether a married woman can bind
herself by contract to pay for necessaries while her husband is in
the army. The relation of wife conferred on the defendant certain
rights, deprived her of certain powers, and imposed upon her certain
obligations.

By common law a wife can call on her husband to provide her with
necessary food, clothing, firewood, &c., and if he neglect or refuse to
provide them, she can procure them on his account, but not on her own.
so as to make herself legally liable for the price or value. Bl. Com.;
Kent's Com.

By recent statutes great changes have been effected, mostly in favor
of the wife, but we are not aware of any that can fix the defendant's
liability in this case.

The State aid was not property of the wife within the meaning of
the statute. Secs. 14 and 15 of ch. 158; Comp. Stats.; and see *Batchel-
der* v. *Sargent*, 47 N. H. 262, and authorities cited; *Bailey* v. *Pear-
son*, 29 N. H. 77.

The fact that the husband was in the war does not alter the case.
He had in no way renounced his marital rights, and was in condition
to assert them,—Reeve's Dom. Rel., ch. 7,—and she could make no ac-
quisition of property or binding contract, as the husband's absence was
merely temporary. 1 New Reports 80; *Robinson* v. *Reynolds*, 1 Aiken
174, and authorities cited; *Smout* v. *Ilbery*, 10 Mees. & Wels. 1. Her
contract was void. 18 N. H. 518; 14 Allen 164; 30 Conn. 122; 2
Johns. Ch. 27.

If the defendant was not liable at the time of the contract, a new

promise after the decease of her husband cannot make her so.  In other words, the contract being void, it cannot be vitalized by any subsequent promise.  *Meyer* v. *Haworth*, 8 Ad. & Ellis 467, is directly to the point ; Williams on Personal Property 65.  The case of *Lee* v. *Muggeridge*, 5 Taunt. 36, is virtually overruled by the above and following authorities,—9 Mees. & Wels. 501 ; *Eastwood* v. *Kenyon*, 11 Ad. & Ellis 447 ; 2 Williams's Saund. 137, notes ; Macqueen on Hus. & Wife 129, 130.  A bill in equity might lie to enforce payment out of her separate estate in a proper case, but not in this.  *Rogers* v. *Ward*, 8 Allen 387.

A wife's common law disabilities to contract remain except where they are expressly removed by statute.

*Dudley & Parsons*, for the plaintiff.

I. In this case the defendant, at that time a married woman whose husband was in the army, was in receipt of $12 per month in money, which was allowed her during her husband's absence, and paid to her regularly by the selectmen of the town of Colebrook, under Laws of 1862, ch. 2584.  It seems that the necessaries were sold to her, the credit given to her, in reliance on payment from this fund.  The necessaries were furnished from time to time while she was in receipt of this fund, and before her husband's death.  She however continued to receive the fund for a few months after her husband's death, under said laws, and she not only promised to pay for said necessaries out of said fund before her husband's death, but renewed her promise afterward.

We contend she held this fund as her own property to her own use.  Gen. Stats., ch. 164, sec. 1.  For, " considering the great changes which have been making from year to year in relation to the rights of married women, which have steadily tended to secure to them their rights of property and their free agency in relation to its control and management, the court are not disposed to adopt a narrow construction of the statutes on this subject."  *Ames* v. *Foster*, 42 N. H. 383.

II. We contend that she was therefore liable before her husband's death.  Gen. Stats., ch. 164, sec. 13.

For " the great change by our statute is to make a married woman liable at law personally, as well as her estate, for debts contracted in respect to it."  *Batchelder* v. *Sargent*, 47 N. H. 266.

This promise in regard to property held to her own use, for a fund over which she had control, created a personal liability which was a sufficient consideration for a new promise after her husband's death.

SARGENT, J.  By the law of 1860, ch. 2342, it was provided that " every married woman shall hold to her own use, free from the interference or control of her husband, all property inherited by, bequeathed, given, or conveyed to her," provided the same was not occasioned by the payment or pledge of the property of the husband ; and provision is also made in the same chapter, that any married woman, thus hold-

ing property to her sole and separate use, " may sue and be sued in her own name as though sole, in all matters pertaining to said property."

By the law of 1862, ch. 2584, it was provided that every city and town should raise money, and, if necessary, apply the same, under the direction of proper agents therein specified, for the aid of the wife, children, &c., who might be dependent upon any of its inhabitants who might enlist, &c., and be actually mustered into the service of the United States, provided such persons were indigent, &c.  Provision is also made that said cities and towns may apply money in the same way for the aid of the widow and children dependent upon any of its inhabitants thus mustered into service, who died in actual service, or for the aid of such inhabitant himself, who may have returned home discharged from disability,—such aid, in case of death or disability, being limited as to time and amount.

The aid thus authorized might be paid to the wife for the benefit of herself and family, or applied by the officers of the towns and cities in furnishing supplies to them.  In this case the sum of $12 per month was paid over to the wife, for the aid and benefit of herself and family ; and this fact was known to the plaintiff when he furnished the wood in this case.  Now this State aid was really for the use of the wife and family ; it was not money that the husband could recover from the city or town for his own use ; it was not money that he was entitled to receive ; it was not for him to use or control; it was only to be paid to the wife during the husband's absence in the army, and was paid to her for the use of herself and family under such circumstances that the husband could have no control over it, no use of it for himself personally, and could in no way interfere with it or with its appropriation. It was property given and conveyed to the wife, as much as a legacy or gift of money given in any other way, with this difference, that the legacy would be given to her for her sole and separate use generally, while this was given to her for a particular use and purpose, to wit, to procure what might be necessary for the support of herself and family.

All such gifts and conveyances to a married woman, under the law of 1860, inure to the sole use and benefit of the wife, free from the interference or control of the husband.  Under the law of 1862, this money was contributed or given to the wife, free from the interference or control of the husband, not for her *sole* use, but for the use of herself and family ; and not for their use *generally*, but for their *special* use in furnishing them necessaries.  This fact was known to the public and to this plaintiff; and as the law had appropriated this fund to this particular use, it may, we think, well be questioned whether the law would allow either of the parties to contract, upon the strength of that allowance, for anything but necessaries for the wife and family.  But that question does not arise here ; for it is settled by the verdict that this wood was actually necessary for the defendant and her family, and was therefore one of the articles which were designed to be furnished for their use by the appropriation of this identical money.

The verdict also establishes the fact that the plaintiff sold the wood

to the defendant, relying solely upon her individual promise and upon the faith of this State aid, and that she promised to be personally responsible for the same, and to pay him for it out of that State aid ; that they both had the same understanding upon that point.

The remaining question is, whether this contract, thus made and to be paid out of this particular fund or property, was a matter " pertaining to said property," that is, to this fund thus appropriated to the wife for a particular purpose.   Suppose a married woman holds property under the law of 1860, and that property is a farm, she may contract debts for tools to work the farm, or for labor to carry it on, or for cattle, horses, or sheep to stock it, and she will be holden personally, as though sole, for these debts, because they " pertain to " the farm.   *Batchelder* v. *Sargent*, 47 N. H. 262.

But suppose the property which the wife holds to her sole and separate use is money only, she may employ a banker or broker, or an attorney or agent, to invest it in real estate, or in stocks or other securities, and she would be holden, as though sole, to pay for such services, because that would clearly be a contract " pertaining to said property."

But suppose her property to be in money, but in so small an amount that she does not wish to make any investments, but only holds it, as in this case, to purchase the necessaries of life : or, suppose she has loaned it to some friend, and, before she can obtain it, needs food or fuel to enable her to live comfortably,—how can she make any purchase upon credit that shall " pertain to said property," so as to make her personally liable for the same ?   She cannot do so, very clearly, unless a promise to pay for such necessaries out of that particular fund or money shall be held to bind her personally, when the credit is given to her personally, upon the strength of her sole promise and on the faith of that property thus held by her.

In *Ames* v. *Foster*, 42 N. H. 381, it was held that no action could be maintained against a married woman upon a note given for money hired by her to pay for land that was to be conveyed to her to her sole and separate use, because the power of the wife to bind herself by her contracts under the statute exists only where she at the time holds property to her separate use, and where the contract relates to such property.   But the principle or reason of that case does not apply here, for in this case the wife had the property, the money, at the time she made the contract, and the contract was made with special reference to that property thus held by her at the time, and the promise was made and the credit was given with special reference to said property.

We think that such a contract, at least for necessaries, must be held to pertain to such property thus held by the wife, and that the wife will be held as though sole upon such a contract under such circumstances. If it is not so, she might be worth thousands in her own right, and if she chanced to have a husband too poor to obtain credit and too feeble to labor, she might starve or perish with cold for want of fuel or clothes or shelter, if the money was invested so that she could not at

all times command a supply of ready cash. The law which was intended to benefit the married woman by enabling her to hold her property to her sole and separate use, so·that it might not be taken from her upon her improvident husband's debts, really did her a great wrong if it did not enable her to contract upon her own credit for the absolute necessaries of life, and create a personal liability based upon her own private individual funds, when both parties designed and intended to contract in that way.

Upon the facts found by the jury in this case, we think an action might have been maintained by the plaintiff against this defendant as though sole, even though her husband were living, or after his decease, without any new promise.

It therefore becomes unnecessary to consider whether the new promise made after her husband's death would have afforded any ground upon which she could have been charged in any event, or whether, if the first promise were held void on account of her coverture, it would have afforded any consideration to found a new promise upon made after her husband's decease. That point we do not undertake to decide.

Nor do we intimate any opinion as to whether a married woman, under the law of 1860, may charge her separate property upon contracts made by him upon the faith of such property alone, if such contracts were founded upon other considerations than necessaries. See *Shannon* v. *Canney*, 44 N. H. 592. In this case there must be

*Judgment on the verdict.*